UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MELLER OPTICS, INC., d/b/a LASER RESEARCH OPTICS, Plaintiff, | ) | |
| vs. | ) | C.A. NO. 05-307s |
| BRUCE SUNDERLAND, GARY SUNDERLAND, NIPPON AMERICA LTD., and SUNDERLAND & ASSOCIATES Defendant(s). | ) | |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, and subject to approval by the Court, pursuant to Federal Rule of Civil Procedure 26(c), that:

1. This Stipulation and Protective Order governs each party's use of all information obtained from a party producing information (hereinafter referred to as the "Producing Party"), regardless of form, contained in documents, deposition testimony and/or deposition exhibits ("discovery material") in the above-captioned action. All such discovery material obtained from a Producing Party shall be used only for the purposes of this litigation, and for no other purpose whatsoever.

2. A Producing Party may designate all or any part of such discovery material produced as "Confidential" or as "Highly Confidential" to be treated in accordance with the provisions of this Stipulation and Protective Order. Such designations shall be in writing either in a letter identifying the discovery material(s) being designated, or by a stamp or other appropriate mark on the discovery material.

3. Confidential Material shall not be disclosed to or discussed with any person except:

(a) employees of the recipient party who reasonably need access to such information for the prosecution or defense of this action;

(b) the undersigned counsel, and the employees of such counsel (including legal assistants, court reporters, and other persons employed and supervised by such counsel);

(c) experts hired by a party for the sole purpose of giving advice or testimony in the above-captioned action;

(d) the Court, pursuant to paragraph 8 of this Stipulation and Protective Order;

(e) other persons only upon order of the Court and after notice to the Producing Party, or upon written consent of the Producing Party.

Highly Confidential Material shall not be disclosed to or discussed with any person except those described in subparts (b)-(e) of this paragraph.

4. Each person referred to in subparagraphs 3(c) or (e) who is given access to Confidential Material or Highly Confidential Material or information derived therefrom shall sign a statement that he has read a copy of this Stipulation and Protective Order; agrees to be bound by its provisions; and agrees to consent to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulation and Protective Order. Counsel shall be responsible

for obtaining such written agreement before disclosing any Confidential Material or Highly Confidential Material.

5. If any Confidential Material or Highly Confidential Material or information derived therefrom is to be disclosed in testimony offered in evidence at trial or used in any hearing in this action, prior to or simultaneously with the presentation of such testimony the proponent of the protected status shall move the Court to permit the testimony to be presented *in camera* or in a closed courtroom until such time as the Court orders otherwise. The court reporter shall separately transcribe and bind those portions of the testimony so designated and shall mark the face of the separately-bound transcript containing such confidential testimony with the words "Confidential Pursuant to Court Order." The portion of the transcript so marked, if filed with the Clerk of the Court, shall be filed under seal.

6. If any Confidential Material or Highly Confidential Material or information derived therefrom is to be disclosed in deposition testimony, prior to or simultaneously with the presentation of such testimony, the proponent of the protected status shall designate such testimony as confidential or highly confidential. The court reporter shall separately transcribe and bind those portions of the testimony so designated and shall mark the face of the separately-bound transcript containing such confidential testimony with the words "Confidential Pursuant to Court Order." The portion of the transcript so marked, if filed with the Clerk of the Court, shall be filed under seal.

7. Any deposition or portion thereof during which Confidential Material or Highly Confidential Material or information derived therefrom is being disclosed shall be taken without any person in attendance other than those permitted in paragraph 3, the deposition witness and court reporter, each of whom shall sign a statement (if he has not already done so)

that he has read a copy of this Stipulation and Protective Order, agrees to be bound by its provisions, and agrees to consent to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulation and Protective Order.

8. In the event that counsel determines to submit to the Court any Confidential Material or Highly Confidential Material or information derived therefrom, or any papers containing or making reference to such Confidential Material or Highly Confidential Material, such documents shall be filed only in sealed envelopes on which shall be endorsed the caption of this action, a descriptive title of the document, and a statement substantially in the following form:

CONFIDENTIAL—DOCUMENTS SUBJECT TO PROTECTIVE ORDER

> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. Violation hereof may be regarded as contempt of Court.

All such Confidential Material or Highly Confidential Material so filed shall be maintained by the Clerk of the District Court. In the event of any appeal(s), the Confidential Material and Highly Confidential Material shall similarly be identified and filed under seal.

9. Promptly upon conclusion of this litigation and any appeals therefrom, all Confidential Material and Highly Confidential Material supplied by a Producing Party and all copies thereof shall be returned to the Producing Party, or such Confidential Material or Highly Confidential Material shall be certified to have been destroyed; provided, however, that counsel may retain copies of brief and other papers filed with the Court which contain or constitute Confidential Material or Highly Confidential Material, so long as such briefs and other papers are maintained in accordance with the provisions hereof.

10. Any Confidential Material or Highly Confidential Material that is inadvertently produced without written notice or identification as to its confidential nature as provided in paragraph 2, may be so designated by the Producing Party within a reasonable period following its production.

11. The terms and conditions of this Stipulation and Protective Order shall continue to apply after the termination of this action.

12. This Stipulation and Protective Order is without prejudice to the right of the parties to seek relief from or modification of any provision contained herein by motion to the Court.

William R. Grimm, Esq.
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600

Craig M. Scott, Esq. (#4237)
Stacey P. Nakasian, Esq. (#5069)
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Phone: (401) 455-0700
(401) 455-0700
(401) 455-0701

ENTER:

8/9/05

BY ORDER: